UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**HENRY WAGNER,**
                **Petitioner,**

    **v.**                                                                **Case No.  06C0187**

**PAMELA WALLACE,**[1] **Warden,**
**Stanley Correctional Institution,**
                **Respondent.**

---

### ORDER

On February 15, 2006, petitioner Henry Wagner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of burglary. He was sentenced to seven years imprisonment and is currently incarcerated at Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Pursuant to Rule 2 of the Rules Governing § 2254 Cases, I have amended the caption of this case to name as respondent the state officer who has custody of the petitioner.

Dockets.Justia.com

Petitioner claims that his counsel was ineffective when counsel misinformed the court of the extent of petitioner's criminal record and failed to ask the court to establish a factual basis for petitioner's plea. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its progeny. Petitioner also appears to allege that his due process rights were violated when, in determining the length of petitioner's sentence, the sentencing court relied on factually incorrect information. This claim is also a constitutional ground for habeas relief. <u>See</u> <u>United States v. Mannino</u>, 212 F.3d 835, 846 (3d Cir. 2000) (stating that a petitioner's due process rights are implicated if a sentence was imposed based on legal or factual error). Thus, petitioner presents colorable constitutional issues and I will not dismiss his petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Pamela Wallace and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 17 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge