# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HENRY WAGNER,**
            **Petitioner,**

      **v.**                                      **Case No. 06C0187**

**PAMELA WALLACE, Warden,**
**Stanley Correctional Institution,**
            **Respondent.**

## ORDER

      Henry Wagner, a Wisconsin state prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of burglary pursuant to a guilty plea and sentenced to seven years of imprisonment. Petitioner claims that his right to due process was violated because the trial court accepted his plea without establishing a factual basis for it and because it sentenced him based on inaccurate information. Further, petitioner claims that his counsel was ineffective in not attempting to correct the court's errors.

## I. BACKGROUND

      Petitioner pled guilty to burglary of a service station. During his plea colloquy, petitioner told the trial court that he was pleading guilty and that he had gone through a "plea questionnaire" with his attorney. The court noted that petitioner's attorney had referred to the charge as "party to the crime of burglary" earlier, but that petitioner had not been charged as party to the crime. Petitioner's attorney responded that petitioner's view of the facts fit party to the crime liability, as petitioner had told his attorney that another

party had actually entered the service station. The court responded "[a]ll right," and continued with the colloquy. (Answer Ex. M at 6.) In response to questioning, petitioner told the court that he did not need additional time to consider the plea questionnaire, that he read through the questionnaire and understood it, and that he had no further questions. The court then asked petitioner whether he understood that by pleading guilty, "you are admitting that the State of Wisconsin would have been able to prove beyond a reasonable doubt that on or about the date and the location indicated, that you did intentionally enter a building without the consent of the person in lawful possession thereof, specifically Chris's Service Station, and that you did this with the intent to steal from that owner." (Id. at 7-8.) Petitioner responded that he did. The plea questionnaire shows that petitioner had written that he was pleading "No Contest," and it contains a notation he was liable as a party to the crime.

At sentencing, petitioner's attorney told the court that petitioner had six prior convictions, including an armed robbery in 1989. In reality, petitioner had been convicted of robbery, not armed robbery, in 1989. The prosecutor did not recommend a particular sentence length, but both the prosecutor and petitioner's attorney recommended that any sentence imposed should run concurrent to another sentence given petitioner for an unrelated crime. In sentencing petitioner, the court did not mention the 1989 conviction by name, though it did note petitioner's "extensive record . . . for various felonies and misdemeanors." (Id. at 9.) The court sentenced petitioner to seven years of confinement, running concurrent with the other sentence.

After sentencing, petitioner brought a post-conviction motion challenging his guilty plea and his sentence. After a hearing, his motion was denied. The Wisconsin Court of

2

Case 2:06-cv-00187-LA   Filed 12/12/06   Page 2 of 8   Document 20

Appeals affirmed. As to the plea colloquy, the court of appeals stated that although petitioner's "attorney was equivocal about the extent to which Wagner was willing to implicate himself in the offense, [petitioner] himself was not." (Answer Ex. E at 2.) The court of appeals noted that it would have been a better practice for the trial court to probe further, but found that its failure to do so did not undermine petitioner's plea since the trial court and petitioner agreed at the colloquy that petitioner was pleading guilty as a direct actor. Further, the court of appeals found that the sentencing court did not rely on petitioner's 1989 conviction, as the court had not mentioned it and had imposed petitioner's sentence pursuant to what was effectively a joint recommendation of the prosecutor and defense counsel.[1] Finally, the court of appeals determined that petitioner's counsel was not ineffective because the court had not erred and any deficiency of performance was not prejudicial. The Wisconsin Supreme Court declined review.

## II. AEDPA STANDARD

AEDPA permits a district court to grant a petition for a writ of habeas corpus only when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1] The prosecutor took no position as to the appropriate length of imprisonment, but recommended that any sentence run concurrent to petitioner's unrelated sentence. Petitioner's counsel stated that the prosecutor's position was a "reasonable one," given the substantial time that petitioner would be serving for the other crime and petitioner's cooperation. (Answer Ex. N at 6.)

3

A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). To constitute an "unreasonable application" of clearly established federal law, a state court decision must be "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (citing Williams, 529 U.S. at 410, 412). Under AEDPA, "if the state court's decision is 'at least minimally consistent with the facts and circumstances of the case,' the federal court is powerless to grant relief." Hammer v. Karlen, 342 F.3d 807, 810 (7th Cir. 2003) (quoting Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997)).

### III. DISCUSSION

**A. Guilty Plea**

A guilty plea is valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A defendant who pleads guilty must receive notice of the charge against him, Henderson v. Morgan, 426 U.S. 637, 645 (1976), and possess an understanding of the law in relation to the facts, McCarthy v. United States, 394 U.S. 459, 466 (1969). The defendant must also be aware of the "relevant circumstances and likely consequences" surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970).

The Seventh Circuit has stated that the "Constitution does not enact Rule 11 of the Federal Rules of Criminal Procedure" or its state counterparts, and does not require a court

4

to use any fixed colloquy before accepting a guilty plea. Stewart v. Peters, 958 F.2d 1379, 1384-85 (7th Cir. 1992); see also Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993) ("Putting a factual basis for the plea on the record has become familiar as a result of statutes and rules, not as a result of constitutional compulsion."). A court may accept a guilty plea even where a defendant denies his guilt, United States v. Cox, 923 F.2d 519, 524 (7th Cir. 1991) (citing North Carolina v. Alford, 400 U.S. 25, 37 (1970)), so long as the record reveals "facts from which the court could reasonably infer that petitioner was actually guilty of the charge," Arias v. United States, 484 F.2d 577, 580 (7th Cir. 1973).

In the present case, the Wisconsin Court of Appeals reasonably found that the trial court properly accepted petitioner's guilty plea on the basis of petitioner's statement that he had committed the offense described in the criminal complaint and information. After petitioner's attorney told the court that petitioner had told him that he did not enter the service station, petitioner told the court that he had no questions about the nature of the charges against him and then told the court that he had entered the service station with the intent to steal.[2] It is odd that petitioner's representations to the trial court differed from his representations to his attorney and notations on the plea questionnaire. However, the court of appeals reasonably determined that the trial court's inquiry was constitutionally sufficient to determine that petitioner voluntarily pleaded guilty and understood his liability as a direct actor.

---

[2]Further, the record reveals that police found stolen property from the service station on petitioner after the burglary, from which the trial court could also reasonably infer that petitioner was actually guilty of the burglary charge.

5

**B. Sentencing**

"A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing." Lechner v. Frank, 341 F.3d 635, 639 (7th Cir. 2003) (citing United States v. Tucker, 404 U.S. 443 (1972); United States ex rel. Welch v. Lane, 738 F.2d 863, 865 (7th Cir. 1984)). As in Lechner, all parties here concede that petitioner's attorney misstated the nature of petitioner's 1989 conviction to the sentencing court; thus, the only question is whether the Wisconsin Court of Appeals unreasonably determined that the sentencing court did not rely on such misstatement. A sentencing court demonstrates reliance on misinformation "when the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." Lechner, 341 F.3d at 639 (citing Tucker, 404 U.S. at 447) (internal quotation marks omitted).

In the present case, the Wisconsin Court of Appeals reasonably found that the sentencing court did not rely on the misinformation about petitioner's 1989 conviction and thus the Constitution did not require re-sentencing. The sentencing court noted petitioner's extensive record, but did not specifically mention the 1989 conviction although it did mention a more recent armed robbery conviction. Further, both the prosecutor and petitioner's attorney requested a concurrent sentence.[3] The court of appeals reasonably found that these facts established the constitutionality of petitioner's sentence.

---

[3]Indeed, it is not clear why, given petitioner's favorable sentence, petitioner is now seeking re-sentencing.

6

Case 2:06-cv-00187-LA   Filed 12/12/06   Page 6 of 8   Document 20

## C. Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove both that his attorney's representation of him fell below an objective standard of reasonableness and that such deficient representation prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984). The performance prong requires a defendant to show that his representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986) (citing Strickland, 466 U.S. at 688-89). The prejudice prong requires a defendant who was convicted pursuant to a guilty plea to show that, if not for counsel's deficient action, he would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Again I find that the Wisconsin Court of Appeals's decision was reasonable. Assuming that petitioner's counsel was deficient in failing to challenge the trial court's plea colloquy and in incorrectly telling the sentencing court that petitioner had been convicted of an armed robbery in 1986, it is clear that any deficiency did not prejudice petitioner. Petitioner has not alleged, much less proven, that if it were not for his counsel's failure to clarify the party-to-a-crime issue, he would not have pleaded guilty. Further, petitioner faced the same maximum sentence whether he pleaded guilty as a direct actor or as a party to the crime; thus, there is no reason to infer that petitioner would not have pleaded guilty if he knew that he had been charged as a direct actor. As to sentencing, as stated above, the sentencing court did not rely on petitioner's attorney's misstatement, and thus such misstatement did not prejudice petitioner.

7

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** that Henry Wagner's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 12 day of December, 2006.

/s_____
LYNN ADELMAN
District Judge